UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

SANTIAGO XAVIER MALDONADO,
a/k/a "Xavier,"

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/06/2026
```

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S3 23 Cr. 261 (NSR)

WHEREAS, on or about May 30, 2023, SANTIAGO XAVIER MALDONADO (the "Defendant"), was charged in a Superseding Indictment, S3 23 Cr. 261 (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One);

WHEREAS, the Indictment included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1962 of any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly, and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, the offense alleged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense alleged in Count One of the Indictment;

WHEREAS, on or about June 8, 2023, the Government seized from the Defendant's residence located on Sachem Street, East Rockaway, New York the following specific property:

a.      55 pieces of bracelets and costume jewelry

b.      One HP Laptop and charger S/N: SCD028FW2R

c.      Two Motorola walkie talkies

d.      One Husky brand knife

e.      One Brass knuckles with attached blade

f.      One Taser

g.      One black Tumi Bag

h.      $21,049 United States currency

i.      foreign currency including:

        (i)     51 Eastern Caribbean Dollars

        (ii)    100 Mexican Pesos

        (iii)   92 Canadian Dollars

        (iv)   810 Indian Rupees

        (v)    1050 Dominican Pesos

        (vi)   115 British Pounds

        (vii)   147 Singapore Dollars

        (viii)  4102 Chinese RMB

        (ix)   3300 Hong Kong Dollars

and the defendant previously had received and had possession of

j.      One Rolex Yacht-Master II, Serial # Z749461

(collectively, the "Specific Property");

WHEREAS, on or about February 17, 2026 the Court accepted the Defendant's guilty plea to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit

to the United States, pursuant to Title 18, United States Code, Section 1963, (i) a sum of money equal to $85,500 in United States currency, representing the proceeds traceable to the commission of the offense charged in Count One of the Indictment; and (ii) all of his right, title, and interest in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $85,500 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment, that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property which constitutes proceeds traceable to the offense charged in Count One of the Indictment;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment, that the Defendant personally obtained, cannot be located upon the exercise of due diligence, with the exception of Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney, T. Josiah Pertz of counsel, and the Defendant, and his counsel, Linda George, Esq., that:

1.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $85,500 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment, that the Defendant personally obtained, shall be entered against the Defendant.

2.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, SANTIAGO XAVIER MALDONADO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.    All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14.    The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

                                                                                          3-5-2026

By: _____/s/_____                    _____
     T. Josiah Pertz                                                         DATE
     Assistant United States Attorney
     26 Federal Plaza, 37th Floor New
     York, New York 10278
     212-637-2246

SANTIAGO XAVIER MALDONADO

By: _____                    3-6-26
     SANTIAGO XAVIER MALDONADO                    DATE
     Defendant

By: _____                    3-6-26
     Linda George, Esq.                                              DATE
     577 Summit Avenue
     Hackensack, New Jersey 07601
     (201) 487-5225

SO ORDERED:

_____                    3/6/2026
HONORABLE NELSON STEPHEN ROMÁN                    DATE
UNITED STATES DISTRICT JUDGE